UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-CV-81137-Cannon

JOSHUA BAXTER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CROSS COUNTRY HEALTHCARE, INC. and TRAVEL STAFF, LLC,

    Defendants.

### DEFENDANTS' MOTION TO STAY RULE 26(f) CONFERENCE AND DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION

Pursuant to Federal Rules of Civil Procedure 6(b) and 26(c), Defendants Cross County Healthcare, Inc. and Travel Staff, LLC (collectively, "Defendants"), by and through their undersigned counsel respectfully request that this Court enter an order staying the Rule 26(f) conference and discovery pending resolution of Defendants' Motion to Compel Individual Arbitration and Dismiss the Complaint or, in the Alternative, to Stay the Case (the "Motion to Compel Arbitration") (ECF No. 21). Defendants state the following in support:

1. On September 16, 2022, Defendants filed their Motion to Compel Arbitration. As set forth therein, Plaintiffs agreed to submit any and all disputes arising out of or in any way related to their employment to binding arbitration. That motion is currently pending.

2. Unless this Court stays the Rule 26(f) conference and discovery, Defendants' counsel must meet and confer with Plaintiffs' counsel regarding discovery, develop a discovery plan, discuss the possibilities for promptly settling or resolving the case, make or arrange for the initial disclosures required by Rule 26(a)(1), and discuss any issues about

1

preserving discoverable information. The foregoing are steps that contemplate an eventual trial on the merits.

3. The foregoing obligations would be moot if this Court compels arbitration, and thus this Court should stay them as an exercise of its authority under Federal Rules of Civil Procedure 6(b) and 26(c) and in the interests of judicial economy and saving costs and the expense of litigation.

4. Accordingly, courts have routinely stayed discovery when a motion to compel arbitration has been filed in good faith. *See Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir.), *cert. denied* 141 S. Ct. 554 (2020) ("Given the potential for Bufkin's claims against Scottrade to be resolved in arbitration, and the likelihood that Bufkin's claims against the government parties could be fully resolved on the government parties' motion to dismiss, the magistrate judge appropriately stayed discovery until these motions could be decided"); *Ebix, Inc. v. DCM Grp., Inc.*, No. 17-cv-03653, 2019 WL 13209665 (N.D. Ga. May 31, 2019) (staying discovery and other pretrial deadlines pending ruling on motion to compel arbitration); *Workman v. Hire Techs., Inc.*, No. CV 120-070, 2020 WL 5637083 (S.D. Ga. Sept. 21, 2020) (staying discovery and Rule 26(f) deadlines pending resolution of motion to compel arbitration); *PhosAsset GmbH v. Gulfstream Aerospace Corp.*, No. CV-421-205, 2021 WL 9217154, at *1 (S.D. Ga. Dec. 6, 2021) ("a ruling on Gulfstream's Motion to Compel Arbitration might be dispositive of some important aspects of this case, since compelling arbitration would displace the case from the Court and into the arbitral forum … . On balance, then, a stay of discovery is appropriate") (citations omitted); *Lacroix v. Lejeune Auto Wholesale, Inc.*, No. 20-21469-CIV, 2020 WL 6059765 at *3 n.1 (S.D. Fla. Oct. 14, 2020) (staying discovery pending resolution on motion to dismiss, and noting that the distinction between motion to dismiss and motion to

compel arbitration is "a distinction without a difference because the result remains the same.")

5. Indeed, Defendants should not be forced to sacrifice some of the benefits of arbitration by expending time and resources on complying with pre-trial and discovery obligations that may turn out to be unnecessary. *See Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1252-53 (11th Cir. 2004) (explaining that "the arbitrability of a dispute [ ] gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court *and bear the associated burdens"*- which "includ[e] pretrial discovery") (emphasis added).

## CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should stay the Rule 26(f) conference and discovery pending the resolution of the Defendants' Motion to Compel Arbitration.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: October 19, 2022

s/ *Jurate Schwartz*
Jurate Schwartz, Esq.
Florida Bar No. 0712094
TRIAL COUNSEL
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421A
Boca Raton, FL 33431
Tel: (561) 241-7400
Fax: (561) 241-7145
Primary: jschwartz@proskauer.com
Secondary: florida.labor@proskauer.com

and

Steven J. Pearlman, Esq. (*pro hac vice*)
70 West Madison, Suite 3800
Chicago, Illinois 60602
Tel: (312) 962-3545
Fax: (312) 962-3551
spearlman@proskauer.com

P. Kramer Rice, Esq. (*pro hac vice*)
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Tel: (212) 969-3985
Fax: (212) 969-2900
krice@proskauer.com

*Attorneys for Defendants Cross Country Healthcare, Inc. and Travel Staff, LLC*