UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-CV-81137-Cannon

JOSHUA BAXTER and SANDRA SUMMERS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

CROSS COUNTRY HEALTHCARE, INC. and TRAVEL STAFF, LLC,

    Defendants.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Under Local Rule 7(c)(1), Plaintiffs respectfully request leave of Court to file a surreply to respond to the new arguments, new facts, and eight new exhibits raised in Cross Country's 20-page Reply supporting its Motion to Compel Arbitration (Docs. 21, 29). In support of this Motion, Plaintiffs attach as Exhibit 1 their proposed Surreply, which they have limited to the new arguments and evidence that Cross Country raised on reply. In addition, Plaintiffs state as follows:

1.    It is "well-established that '[a]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.'" *MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1349–50 (S.D. Fla. 2021); *see also Rankin v. Celebrity Cruises, Ltd.*, 489 F. App'x 362, 362 n.1 (11th Cir. 2012) ("the law of this circuit is clear that arguments which are first raised in a reply brief are deemed waived."). To that end, Local Rule 7.1(c)(1) prohibits raising new arguments in a reply memorandum. LR 7.1(c)(1) ("reply

memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law.").

2. "If a party does not follow these parameters and interjects new argument, the opposing parties may file a surreply, provided they first obtain 'leave of Court.'" *See* LR 7.1(c)(1); *Fed. Deposit Ins. Corp. v. Prop. Transfer Servs., Inc.*, No. 12-80533-CV, 2013 WL 11327802, at *1 (S.D. Fla. Aug. 9, 2013). "A district court's decision to permit the filing of a surreply is purely discretionary . . . ." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed.Appx. 777, 788 (11th Cir. 2008) (stating, however, that "Our sister circuits have held that a district court can abuse its discretion by failing to give the opposing party a chance to respond to materials presented for the first time in a reply brief and instead granting summary judgment on the basis of that evidence."); *Hammet v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) (granting motion for leave to file a surreply "[b]ecause [the opposing party] presented new arguments and a new theory" in their reply).

3. Here, Cross Country improperly raised new arguments and new evidence in its Reply in support of compelling arbitration. Many of those new arguments and assertions flatly contradict those made in its initial moving papers. As just some examples:

- In its initial motion, Cross Country stated that an arbitration agreement was a "precondition to receiving an assignment" with the company. Doc. 15, at 3. Cross Country retracts this assertion on reply, now claiming by declaration that "[a]n executed arbitration agreement is *not required* before a travel nurse can begin her assignment." *See* Doc. 29-2, Fain Declaration, at 5, ¶¶ 23-24 (emphasis added).

- In its consolidated motion, Cross Country asserted that "[e]nforceable arbitration agreements were formed because TS offered temporary assignments to Plaintiffs and, <u>as a condition of those assignments</u>, included a mutual agreement to submit disputes between the parties to binding arbitration, which Plaintiffs accepted for the consideration of employment." Doc. 21 at 8-9. In its Reply, Cross Country attempts to back away from its earlier claim that the arbitration agreements were offered in connection with particular assignments, now claiming that one arbitration agreement applies to all of an employee's non-California assignments. *See* Doc. 29,

at 6 (claiming that "once a travel nurse executes" an arbitration agreement, "if they obtain a subsequent assignment that would implicate the same type of agreement (e.g., a travel nurse staffed in California retains another assignment in California), TS does not require that they execute another arbitration agreement, as the agreement pertains to their employment with TS which is not terminated as a matter of course when an assignment ends.").

- Finally, in its consolidated motion, Cross Country indicated that it was relying on the "express terms" of the two arbitration agreements it submitted. *See* Doc. 21 at 9-10 (explaining that "[b]y their express terms, the Agreements plainly apply to all of the claims in Plaintiffs' Complaint, each of which arises out of or relates to their employment as travel nurses with TS."). Cross Country now backs away from this claim too, relying instead on its internal onboarding processes—which it discusses for the first time on reply—arguing that the arbitration agreement it submitted for Plaintiff Baxter applied to claims arising out of his at-issue Florida assignment. Doc. 29 at 14 (claiming that Plaintiffs' assertion that each assignment was associated with a separate agreement to arbitrate is "completely at odds with how CCH operates.").

3. These shifting assertions go to the heart of the Parties' dispute as to whether the Plaintiffs entered valid and enforceable agreements to arbitrate their claims. And as all the information that Cross Country now asserts was in its possession, there was no justifiable reason for Cross Country to withhold it until its Reply. Indeed, prior to filing their Opposition papers, Plaintiffs asked Cross Country to provide them with all documents on which it relied in seeking to compel arbitration, but Cross country refused to provide them with any documents or information.[1] Instead, Cross Country waited until its Reply to submit these documents, thus eliminating the opportunity for any rebuttal.

4. Cross Country's Reply also attaches two new declarations and six other new exhibits. Many of these documents provide misleading and unverified information. As just a few examples:

---

[1] Cross Country's selective release of information and refusal to engage in discovery is the subject of Plaintiffs' concurrently filed opposition to Cross Country's motion to stay discovery, which Plaintiffs incorporate by reference.

3

- Cross Country submits a purported California arbitration agreement for Plaintiff Baxter. But when Plaintiff Baxter recently visited his Cross Country portal, his incomplete tasks still included a California arbitration agreement, calling into question the proffered version (Doc. 29-5). *See* Exhibit 2, Screenshots of Plaintiff Baxter's Cross Country Portal from September 1, 2022.

- Cross Country submits for the first time on reply a document it characterizes as an "Employment Terms and Conditions Booklet." There are numerous issues with this document, including that it is not signed by either of the Plaintiffs, and Cross Country provides no evidentiary support it was accessible to Plaintiffs, which they both previously attested they did not receive.

- Offering eight pages or 39 paragraphs of new information, the Declaration of Danielle Fain (Doc. 29-2) broadly discusses Cross Country's "onboarding process," "renewal process," and "arbitration agreements" and references six other exhibits. *See generally* Doc. 29-2; *id*. (citing Exhibits A-F or Docs. 29-3 through 29-8). In doing so, however, it conflicts with the record, omits key details, and, ultimately, is misleading.

5. If granted leave to file a surreply, Plaintiffs will contest these new exhibits and Cross Country's new arguments, and thus avoid the prejudice of leaving new material uncontested.

6. Plaintiffs' counsel certifies that they have conferred with Cross Country's counsel in a good faith effort to resolve the issues raised in the motion and have been unable to do so. Cross Country does not consent to Plaintiffs filing a surreply.

WHEREFORE, Plaintiffs respectfully request leave of Court to file a surreply to Cross Country's Reply (Doc. 29) or, alternatively, urge the Court to deny Cross Country's motion outright or grant Plaintiffs' request under Section 4 of the FAA for arbitration-related discovery and a jury trial on the validity of the proffered arbitration "agreements."

Dated: November 2, 2022    Respectfully submitted:

**SHAVITZ LAW GROUP, P.A.**

*/s/ Gregg I. Shavitz*
Gregg I. Shavitz
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888

4

Fax: (561) 447-8831
gshavitz@shavitzlaw.com

**STUEVE SIEGEL HANSON LLP**
J. Austin Moore*
Alexander T. Ricke*
K. Ross Merrill*
* Admitted *pro hac vice*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
moore@stuevesiegel.com
ricke@stuevesiegel.com
merrill@stuevesiegel.com

*Attorneys for Plaintiffs and the Putative Class and Collective*